**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHERYL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>SEAFORD SCHOOL DISRICT, a Delaware School District, DAVID P. PERRINGTON, in his official capacity only, STEPHANIE SMITH, in her individual capacity and in her official capacity,<br><br>Defendants. | ) | C.A. No. 18-547 GMS<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER TO COMPLAINT**

1. Defendants admit that Plaintiff Cheryl Martin ("Martin") filed suit alleging violations of State and Federal law for wrongful termination and/or wrongful failure to rehire.

2. Paragraph 2 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

3. Paragraph 3 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

4. Paragraph 4 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

5. Admitted the EEOC issued a Right to Sue Notice. Defendants are without sufficient information to affirm or deny the remainder of the allegations set forth in paragraph 5, and therefore these allegations are denied.

6. Denied; except admitted Martin is a citizen of the United States, a resident of Delaware, and was an employee of the Seaford School District ("the District") and applicant for employment by the District.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied; except admitted that Martin was born February 17, 1960, was 54 years old when hired as an ESOL teacher in November, 2014, and was issued a temporary contract which expired on June 30, 2015.

11. Admitted Martin was qualified for the position she held as an ESOL teacher so long as she held an English to Speakers of Other Languages ("ESOL") certificate. Defendants are without sufficient information to affirm or deny the remainder of the allegations of paragraph 11, and therefore these allegations are denied.

12. Defendants are without sufficient information to affirm or deny the allegations of paragraph 12, and therefore the allegations are denied.

13. Denied; except admitted the performance evaluations speak for themselves.

14. Denied; except admitted Martin applied for a temporary ESOL position at Blades Elementary School, was interviewed by Michael King and Kelly Hegman over the phone and was offered the position. By way of further answer, the employment application submitted by Martin identified her date of birth and race; and David Perrington ("Perrington") interviewed Martin prior to hiring Martin as a temporary ESOL teacher.

15. Admitted.

16. Denied. By way of further answer, Defendants are without sufficient information to affirm or deny whether Martin "attempted" to contact Human Resources personnel during the Summer of 2015. Defendants have no documents, including emails, confirming Martin attempted to contact Human Resources in the Summer of 2015.

17. Denied; except admitted the District applied for, and Martin received, an emergency ESOL certificate in November, 2014; by email dated November 13, 2014 the Delaware Department of Education ("DOE") required Martin to view and verify the details of Martin's plan ("the Plan") to obtain an ESOL standard certificate; on November 17, 2014 Martin acknowledged the Plan which included the requirement of taking the 5 courses needed to ESOL certification; and by email dated December 4, 2014 DOE once against informed Martin of the requirement to take 5 courses referring Martin to the DOE regulation, and repeated that the ESOL emergency certificate could be renewed for an additional school year if Martin shows she is making progress towards obtaining a standard ESOL certificate.

18. Denied. See answer to paragraph 17. By way of further answer, the controlling DOE regulations provide that, if the educator does not meet all standard certificate requirements during the first school year, the District may apply for a second-year emergency certificate if the employee demonstrates documented progress toward the standard certificate. By email dated February 6, 2015 from Karen Maske ("Maske"), secretary to Smith, Martin was advised of the need to show progress on taking the required courses by April, 2015 in order to secure an extension of the emergency certificate. By letter dated March 12, 2015, DOE once again pointed out the requirements for securing an extension of the ESOL certificate, including a list of the 5 courses Martin was required to complete. Martin failed to enroll in any of the required courses until after April 1, 2015. On April 2, 2015, the District applied for an extension of Martin's emergency

certificate for the 2015-2016 school year. DOE declined to grant the request for an extension. Therefore, Martin's emergency ESOL certificate expired in June, 2015.

19. Denied. See answers to paragraphs 17 and 18.

20. Admitted. By way of further answer, unlike Martin, the 3 ESOL teachers who started during the 2015-2016 school year on emergency ESOL certificates expressed a willingness to complete the requirements to secure standard ESOL certificates, and to make documented progress in doing so prior to the April, 2016 deadline established by DOE.

21. a. through cc. Paragraph 21 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied. By way of further answer, see answers to paragraphs 14, 17, 18, 19 and 20.

22. Admitted.

23. Denied.

24. Denied; except admitted ESOL teachers Lyndsey Gerstle (20's); Patricia Emmett (40's) and Garlen Kittell (30's) received emergency ESOL certificates during the 2015-2016 school year. By way of further answer, see answer to paragraph 20.

25. Admitted.

26. Denied; except admitted Carly Evans was hired as an ESOL teacher at Blades Middle School in August, 2015.

27. Denied. By way of further answer, see answers to paragraphs 17, 18, 19 and 20.

28. Paragraph 28 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

29. Paragraph 29 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

30. Paragraph 30 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

31. Paragraph 31 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

32. Paragraph 32 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

33. Paragraph 33 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

34. Paragraph 34 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

35. Paragraph 35 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

36. Paragraph 36 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

37. Paragraph 37 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

38. Paragraph 38 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

39. Paragraph 39 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

40. Paragraph 40 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

41. Paragraph 41 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

**COUNT I**

42. The responses to paragraphs 1-41 are incorporated by reference.

43. Denied.

44. Admitted.

45. Admitted.

46. Denied; except admitted the ESOL teacher positions were necessarily filled by persons who were younger and had less experience than Martin, but held the ESOL certificate required in order to be employed by the District to teacher ESOL.

47. Denied; except admitted Martin was not interviewed for vacant ESOL positions in the 2015-2016 school year because Martin did not have the required ESOL certificate enabling her to fill an ESOL position 2015/2016 school year.

48. Paragraph 48 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

49. Paragraph 49 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

50. Paragraph 50 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

51. Paragraph 51 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

52. Paragraph 52 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

53. Paragraph 53 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

54. Paragraph 54 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

55. Paragraph 55 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

56. Paragraph 56 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

**COUNT II**

57. The responses to paragraphs 1-56 are incorporated by reference.

58. Denied.

59. Admitted.

60. Admitted.

61. Denied; except admitted the ESOL teacher positions were necessarily filled by persons who were younger and had less experience than Martin, but held the ESOL certificate required in order to be employed by the District to teacher ESOL.

62. Admitted.

63. Denied; except admitted Martin was not interviewed for vacant ESOL positions in the 2015-2016 school year because Martin did not have the required ESOL certificate enabling her to fill an ESOL position 2015/2016 school year.

64. Paragraph 64 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

65. Paragraph 65 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

66. Paragraph 66 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

67. Paragraph 67 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

68. Paragraph 68 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

69. Paragraph 69 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

70. Paragraph 70 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

71. Paragraph 71 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

72. Paragraph 72 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

**COUNT III**

73. The responses to paragraphs 1-72 are incorporated by reference.

74. Paragraph 74 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

75. Paragraph 75 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

76. Paragraph 76 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

**COUNT IV**

77. The responses to paragraphs 1-76 are incorporated by reference.

78. Denied.

79. Admitted.

80. Admitted.

81. Denied; except admitted the ESOL teacher positions were necessarily filled by persons who were younger and had less experience than Martin, but held the ESOL certificate required in order to be employed by the District to teacher ESOL.

82. Denied; except admitted Martin was not interviewed for vacant ESOL positions in the 2015-2016 school year because Martin did not have the required ESOL certificate enabling her to fill an ESOL position 2015/2016 school year.

83. Paragraph 83 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

84. Paragraph 84 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

85. Paragraph 85 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

86. Paragraph 86 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

87. Paragraph 87 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

88. Paragraph 88 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

89. Paragraph 89 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

90. Paragraph 90 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

91. Paragraph 91 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

**COUNT V**

92. The responses to paragraphs 1-91 are incorporated by reference.

93. Denied.

94. Admitted.

95. Admitted.

96. Denied; except admitted the ESOL teacher positions were necessarily filled by persons who were younger and had less experience than martin, but held the ESOL certificate required in order to be employed by the District to teacher ESOL.

97. Admitted.

98. Denied; except admitted Martin was not interviewed for vacant ESOL positions in the 2015-2016 school year because Martin did not have the required ESOL certificate enabling her to fill an ESOL position 2015/2016 school year.

99. Paragraph 99 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

100. Paragraph 100 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

101. Paragraph 101 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

102. Paragraph 102 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

103. Paragraph 103 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

104. Paragraph 104 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

105. Paragraph 105 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

106. Paragraph 106 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

107. Paragraph 107 sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

## ADDITIONAL DEFENSES

(Without assuming the burden of proof except as required by law,
and without waiver of the right to plead defenses in the alternative)

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and states claims upon which relief cannot be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff failed to reasonably mitigate her damages.

**THIRD ADDITIONAL DEFENSE**

Plaintiff is not entitled to punitive damages.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff is not entitled to the relief she seeks, either as a matter of fact, law, or both, as applicable to each relief requested.

**FIFTH ADDITIONAL DEFENSE**

Defendants had legitimate non-discriminatory reasons for their decisions.

**SIXTH ADDITIONAL DEFENSE**

Defendants acted in good faith and all decisions were made based upon legitimate considerations.

**EIGHTH ADDITIONAL DEFENSE**

The Complaint fails to specify any willful or wanton conduct on the part of Defendants, and therefore all claims for and references to the recovery of punitive damages in the Complaint must be stricken.

The Defendants reserve the right to add, amend, qualify, or modify, their defense and answers to confirm to such facts as may be revealed through discovery or otherwise.

WHEREFORE, answering Defendants respectfully request that this Court dismiss this action with prejudice, with costs and attorneys' fees assessed against the Plaintiff, and grant such other relief as the Court deems just.

MORRIS JAMES LLP

/s/ Allyson B. DiRocco
David H. Williams (Bar I.D. #616)
Allyson B. DiRocco (Bar I.D. #4830)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
*dwilliams@morrisjames.com*
*adirocco@morrisjames.com*
Attorneys for Defendants Seaford School District,
David P. Perrington and Stephanie Smith

Dated: July 18, 2018